IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

NANCY LORENE LAVERY,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 14-CV-175-FHM

**OPINION AND ORDER**

Plaintiff, Nancy Lorene Lavery, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 18, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held September 18, 2012. By decision dated October 30, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 20, 2014. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 51 years old on the alleged date of onset of disability and 54 on the date of the ALJ's denial decision She has a high school education and formerly worked as general production assembler. She claims to have been unable to work since November 19, 2009 as a result of depression, anxiety, pain in the hips and shoulder, thyroid , vision, and heart problems, headaches and fatigue.

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the ability to perform light exertional work as defined in 20 C.F.R. § 404.1567(b), except she is limited to climbing, bending, stooping, squatting, kneeling, crouching, and crawling only occasionally. She can push/pull, operate foot controls, reach over the head, and twist the torso no more than occasionally. She should avoid fine vision and low light and should have a low noise environment. She should have easy access to restrooms. She is limited to simple repetitive and routine work.

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number

of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred by not including RFC limitations arising from headaches and fatigue, which the ALJ found were severe impairments at step two of the evaluative sequence.

### **Analysis**

Plaintiff asserts that the RFC assessment is not consistent with the medical evidence and the ALJ does not adequately explain how the inconsistencies were resolved. [Dkt. 23, p.6]. In particular, Plaintiff argues that the ALJ failed to discuss her complaints of headache and fatigue.

Although the ALJ noted headaches were a severe impairment at step two, Plaintiff has not pointed the court to any medical records documenting an ongoing problem with headaches. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

The court's review of the record finds no support for the finding of headaches as a severe impairment. It appears, therefore, that the ALJ's finding that headaches were a severe impairment was made without having any corresponding record evidence of headaches. While the ALJ's finding is thus in error, being unsupported by substantial evidence, the error is harmless as Plaintiff could not possibly have been prejudiced by a finding more favorable to her than is supported by the record. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012). (finding no prejudice where ALJ failed to assign weight to an opinion that did not help Plaintiff).

Plaintiff also complains that the ALJ erred by failing to include limitations related to her diagnosis of chronic fatigue syndrome, or by failing to explain why no such limitations were included in the RFC. In support of her argument that limitations related to fatigue should have been included, Plaintiff points to her testimony that she missed a lot of work from fatigue, and to various medical record notations of the chronic fatigue diagnosis. [Dkt. 23, pp. 8-9]. Plaintiff's testimony about missing work relates to the period of time when she was still working, which was before the amended date of alleged onset February 1, 2011. Likewise, many of the medical records cited by Plaintiff predate the alleged onset date. The medical records cited by Plaintiff that do fall within the period under review, February 1, 2011 through October 30, 2012, do not document complaints of fatigue. The record of Plaintiff's doctor visit on April 3, 2012, contains a diagnosis of chronic fatigue syndrome, but does not document any complaints of fatigue. [R. 466-67]. A comprehensive preventative medicine exam was performed on April 12, 2012, by Plaintiff's treating physician, Michele Coulter, D.O. There Dr. Coulter noted fatigue has been present for ten years, but recorded Plaintiff was negative for decreased activity, generalized weakness,

or lethargy. [R. 475]. Plaintiff was also negative for anxiety, depression, mood swings, and headache. [R. 475]. The ALJ referred to these records in summarizing the medical records. [R. 25].

The remainder of the record covering the relevant time period fails to support ongoing complaints of fatigue. In November 2011, lab results showed a thyroid problem and Plaintiff was started on medication. Dr. Coulter noted Plaintiff was negative for fatigue. [R. 402]. On January 25, 2012, Plaintiff was evaluated by endocrinologist Dr. Thomas for hyperthyroidism/Graves disease. [R. 506-510]. Dr. Thomas noted Plaintiff was positive for complaints of fatigue. [R. 507]. On February 28, 2012, Plaintiff was reevaluated by Dr. Thomas and no notation of fatigue was made. [R. 511-513]. On August 28, 2012, Plaintiff saw Dr. Coulter expressing concern about memory loss, but as the ALJ noted, she passed the Alzheimer's test administered by Dr. Coulter. [R. 25, 495]. There were no complaints of fatigue recorded at that visit. [R. 494-496]. On September 5, 2012, Dr. Thomas noted a complaint of fatigue, but also recorded that Plaintiff was not taking her medications. [R. 514]. On September 9, 2012 Dr. Coulter recorded Plaintiff's hyperthyroidism was uncontrolled, fatigue was noted, as was the fact that she had stopped taking her medications one to two months ago. [R. 500-502]. These records were also noted in the ALJ's decision. [R. 24-26].

The court finds that there is no basis for remanding the case for further discussion of fatigue. The ALJ accurately summarized the record, noted the absence of any treating physician opinions indicating Plaintiff had limitations greater than those in the RFC finding, and noted Plaintiff's description of her daily activities and the third party function report

5

from Plaintiff's mother are inconsistent with claims of disability. Further, the record does not contain continued complaints of fatigue during the relevant time frame.

The court finds that the ALJ's RFC finding is supported by substantial evidence and that the ALJ accurately summarized the record and adequately discussed his RFC finding.

**Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 4th day of May, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE